NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KORY T. O'BRIEN, | No. 18-16864 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00741-LJO-SAB |
| v. | |
| K. E. SAID; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

California state prisoner Kory T. O'Brien appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2012) (28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (28 U.S.C. § 1915A). We affirm in part, reverse in part, and remand.

The district court properly dismissed O'Brien's deliberate indifference claim against defendants Drs. Shiesha, Baniga, and Moustafa because O'Brien failed to allege facts sufficient to show that these defendants were deliberately indifferent in treating O'Brien's high cholesterol. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisors are not vicariously liable under § 1983 for the culpable conduct of their subordinates).

The district court, however, erroneously dismissed O'Brien's deliberate indifference claim against Dr. El Said. O'Brien alleged in the amended complaint that Dr. El Said knew of O'Brien's high cholesterol, failed to provide treatment, further failed to inform O'Brien regarding his condition, and that O'Brien suffered harm as a result. These allegations, liberally construed, are "sufficient to warrant … an answer." *See Wilhelm*, 680 F.3d at 1116, 1122-23. We reverse the judgment as to the claim against Dr. El Said only and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

18-16864